## METZGER ET AL. v. CONLEY ET AL.

[No. 11,730. Filed November 11, 1924. Rehearing denied December 16, 1924. Transfer denied February 27, 1925.]

1. LANDLORD AND TENANT.—*Executory lease of building for use as theater discharged by almost complete destruction of building by fire.*—Where a theater building was almost completely destroyed by fire a short time before a lease thereof was to take effect, the owner was not bound to rebuild and repair the same and put it in condition for use as a theater, the lease having been discharged by the destruction of the building. p. 523.

2. LANDLORD AND TENANT.—*Lessees under renewal lease of building destroyed by fire before renewal lease took effect not entitled to reimbursement for electric wiring placed in building before the fire.*—Where the term of a renewal lease of a theater building had not begun when it was almost completely destroyed by fire, the lessees who had been in possession under the original lease could not recover from the lessor money expended for electric wiring placed in the theater part of the building when the lease provided that all alterations or improvements in the interior thereof were to be made at the expense of the lessees, even though a clause in the lease required the lessor to keep the building insured for the benefit of the lessees, as this clause referred only to the period covered by the renewal. p. 524.

From Montgomery Circuit Court; *Jere West,* Juage.

Action by Morton L. Conley against Charles R. Metzger and others. From a judgment for plaintiff, the designated defendants appeal. *Affirmed.*

*Frank S. Roby, Thomas M. Ryan* and *Williams & Murphy,* for appellants.

*Harry C. Sheridan, William Robeson* and *Andrew N. Foley,* for appellees.

ENLOE, C. J.—This was an action by the appellee Conley against the appellants, to recover possession of certain described real estate, to quiet title thereto as against appellants, and for damages.

The complaint, which was in one paragraph, was answered by a general denial and by three affirmative

paragraphs; appellants also filed a cross-complaint in two paragraphs, to which appellee answered in general denial.

The cause was submitted to the court for trial, with a request for a special finding of the facts and conclusions of law; exceptions to the conclusions of law, which were favorable to the appellee upon all issues presented by the pleadings, are the only matter presented on this appeal, it being expressly conceded that the facts in the case were fully and correctly found by the trial court.

The salient facts of this case are, as found by the court, in substance as follows: March 1, 1921, the Frankfort Theater Company was the owner of lot 48 in the original town of Frankfort, Indiana, on which lot was situate a three story brick building. There were two business rooms in the front part of said building, on the ground floor, separated by a lobby about eighteen feet wide and about thirty feet long, which was the entrance way to the rear room which was used as a theater, and in which room there was the main floor, balcony, and gallery; this room was also equipped with stage, dressing rooms, stage curtain, scenery, etc.

On and prior to February 15, 1921, one Spray and one Moss, who were doing business under the name of Columbian Amusement Company, were in possession of the above described portion of said building and were operating a theater therein, together with other theaters in said city; on said date, they sold their said business to the appellants herein and also transferred to appellants their lease on the above described premises, which said lease, by its terms, expired May 31, 1921.

On March 1, 1921, pursuant to an agreement between Spray and Moss and the appellants herein, said Spray and Moss procured from the then owner, the Frankfort

Theater Company, a lease on the aforedescribed portion of said building, including said business rooms, one of which was used as an office, for the term of five (5) years, commencing on June 1, 1921, and ending on May 31, 1926; this lease they, on March 7, 1921, assigned to the appellants, who were then in possession of said premises, and who thereafter continued to hold the possession of said premises. On April 29, 1921, the theater portion of said building was damaged by fire to the extent of $20,000, the stage, scenery, settings, ropes, flies, dressing rooms, toilets and all wiring and equipment of the stage being totally destroyed, as was also a large portion of the seats in both the main room and the balcony; the floor in the auditorium immediately in front of the stage was burned through and destroyed; the decorations and paintings on the walls of said auditorium were destroyed, the roof over the theater part of said building was greatly damaged, the window frames burned and destroyed and the lights broken, and said building was so damaged as to be utterly unfit for use as a theater.

The appellants, who were in possession of said leased portion of said building at the time of said fire, continued in possession after May 31, 1921, claiming to hold the same as tenants under the said lease of March 1, 1921; they contend that the appellee Conley, as the successor of the Frankfort Theater Company in the ownership of said building, was legally bound to rebuild and repair said building and put it in shape and condition for use as a theater, while the said appellee contends that the said fire having so damaged and destroyed said building as to prevent said contract of lease from becoming effective, worked a legal discharge of both parties thereto, and that, therefore, the appellants are holding said premises without right and that there is no duty resting upon him to make said repairs

for the benefit of appellants. The trial court took this view of the matter and rendered its decree accordingly.

In *Appleby* v. *Myers* (1866), 2 L. R. C. P. 651, it was said: "Where, as in the present case, the premises are destroyed without fault on either side, it is a misfortune equally affecting both parties; excusing both from further performance of the contract,. but giving a cause of action to neither."

In *Taylor* v. *Caldwell* (1863), 3 Best & Sm. 826, a music hall, engaged for the holding of concerts therein, had been accidentally destroyed by fire, and it was held that both parties were thereby excused from performing the contract because the general rule requiring absolute performance was not applicable, the court saying: "Where, from the nature of the contract, it appears that the parties must from the beginning have known that it could not be fulfilled unless when the time for the fulfilment of the contract arrived some particular specified thing continued to exist, so that, when entering into the contract, they must have contemplated such continuing existence as the foundation of what was to be done; there, in the absence of any express or implied warranty that the thing shall exist, the contract is not to be construed as a positive contract, but as subject to an implied condition that the parties shall be excused in case, before breach, performance becomes impossible from the perishing of the thing without default of the contractor." The authorities abundantly establish the foregoing propositions as sound law. See *Krause* v. *Board, etc.* (1904), 162 Ind. 278, 65 L. R. A. 111, 102 Am. St. 203, 1 Ann. Cas. 460, and authorities cited; *Bruce* v. *Indianapolis Gas Co.* (1910), 46 Ind. App. 193; 6 R. C. L. p. 1005, and authorities there cited.

It is next urged that, under the findings, there should have been a judgment in favor of the appellants Metz-

ger and Allen, in the sum of $1,400, the amount
2. of money expended by them, as found by the
court, for electric wiring, etc., in the theater por-
tion of said building. The appellants base their claim
upon the following clause in their said lease, viz.: "It
is agreed and understood that said first party shall
keep the roof and exterior of said building in repair,
* * * and he also agrees to keep said building in-
sured, including plate glass and boiler insurance." It
is obvious that this clause in said lease has reference
only to the time during which said lease was to be in
force. It was for this time, June 1, 1921, to June 1,
1926, that the lessor covenanted to keep said property
insured, and, therefore, during this time only that said
lessees could have any interest therein, and the said
building having burned prior to the time said
lease became effective, said clause, as to insur-
ance, never became operative. We also note that
the next succeeding clause in said lease was
as follows, viz.: "Second parties agree to keep
the interior of said building in repair, and agree to ac-
cept the same in the condition it now is, and any alter-
ations or improvements, or refurnishing, either in seat-
ing arrangements, heating arrangements, or any other
interior alterations or improvements or repairs to be
made solely at the expense of said second parties."
Under these provisions, upon the facts in this case, the
appellants were not entitled to a judgment for the
money so expended, and the court did not err in its
fourth conclusion of law.

There is no contention in this case that the appellee
Conley was in any way responsible for the fire which
destroyed said premises, and we must therefore hold,
under the authorities, that the trial court did not err
in its conclusions of law.

Judgment affirmed.